UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
N.G.C.,

                         Petitioner,

                                                    **MEMORANDUM & ORDER**
            - against -                              26-CV-1559 (PKC)

RAUL MALONADO Jr., Warden of the
Metropolitan Detention Center; *et al.*,

                         Respondents.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

The Court is in receipt of Respondents' Response, (Dkt. 7), to the Court's Show-Cause

Order, (Dkt. 4). Respondents maintain that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A)

("Section 1225(b)(2)(A)"), which permits detention of an "alien seeking admission" under certain

conditions. "As this Court . . . and a chorus of district courts have held, a non-citizen who is

already in the country pending the outcome of removal proceedings is not 'seeking admission,'

and therefore is not subject to Section 1225(b)(2)(A)'s mandatory detention." *Yin v. Maldonado*,

No. 26-CV-0103 (PKC), 2026 WL 295389, at *2 (E.D.N.Y. Feb. 4, 2026) (citations omitted).

Respondents do not provide any facts to support their position with respect to detention

under Section 1225(b)(2)(A); nor do they contest the facts Petitioner has alleged. (See Dkt. 7, at

ECF[1] 1–2.)[2] "Respondents' complete and utter failure to produce evidence supporting any ground

---

[1] "ECF" refers to the pagination generated by the Electronic Court Filing system and not
the document's internal pagination.

[2] The Court ordered Respondents to state "[w]hat distinguishes Petitioner's case from the
numerous other cases in which the petitioner, who had resided in the United States for several
years, was found to be improperly detained under 8 U.S.C. § 1225(b)(2)." (Dkt. 4.) Respondents
admit the "instant case is not appreciably distinguishable." (Dkt. 7, at ECF 2.)

to detain [petitioner] is reason alone to grant [his] Petition." *See Ocampo v. Noem*, No. 26-CV0999 (PKC), 2026 WL 587643, at *1 (E.D.N.Y. Mar. 3, 2026) (quoting *Marisol P.Q. v. Bondi*, No. 26-CV-1055 (MJD) (DJF), 2026 WL 376306, at *2 (D. Minn. Feb. 10, 2026), *report and recommendation adopted*, No. 26-CV-1055 (MJD) (DJF), 2026 WL 468237 (D. Minn. Feb. 18, 2026)). The Court finds that because Petitioner has lived in the United States since 2021 and is currently being detained without prior notice or individualized justification, (*see* Pet., Dkt. 1, ¶¶ 1, 4, 11, 21; Dkt. 7, at ECF 1), his detention is contrary to 8 U.S.C. § 1225(b)(2)(A), and he must be released. *See Yin*, 2026 WL 295389, at *2–3 (determining that release is the proper remedy for wrongful detention).

The Court grants the petition for writ of habeas corpus, (Pet., Dkt. 1). Respondents are directed to release Petitioner from custody immediately and no later than within 24 hours of this Order. Respondents are further directed to return to Petitioner any and all funds or property seized from Petitioner at the time of his arrest. Respondents are directed to certify compliance with the Court's Order by filing a letter on the docket no later than 6:00 p.m. tomorrow, March 26, 2026. The Court further orders that Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law. Petitioner must not be re-detained by Respondents without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, at which Respondents will have the burden of showing that Petitioner's re-detention is authorized under Section 1226(a). Petitioner's deadline to apply for fees under the Equal Access to Justice Act is due within 30 days of a final judgment in this action, which, if

Respondents do not appeal, is June 23, 2026.  28 U.S.C. § 2412(d)(1)(B).  The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated:  March 25, 2026
       Brooklyn, New York